UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP SMITH | : |
| | : |
| v. | : CIV. NO. 3:07CV1174 (JCH) |
| KYLE CORKUM, ET AL | : |
| | : |

### RULING ON PLAINTIFF'S MOTION TO STAY FURTHER DISCOVERY, OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER [**DOC.##48,49**]

This is a diversity action arising out of an alleged breach of contract. Plaintiff initiated this contract action for the remaining balance he claims is due to him under a Settlement Agreement. Defendants contend that plaintiff did not fully perform under the contract and breached a material term of the Agreement.

Pending is plaintiff's Motion for Summary Judgment dated November 14, 2008. [Doc. #24]. Defendants moved for an opportunity to conduct discovery on the issues of plaintiff's performance and alleged breach of the Agreement, pursuant to Fed. R. Civ. P. 56(f). [Doc. #33]. Defendants also asked the Court to deny or delay consideration of summary judgment until discovery is completed. [Doc. #33]. In response, plaintiff filed a Motion to Strike Affidavits [Doc. #35] filed by defendants in support of their opposition to summary judgment and plaintiff opposed defendants' Rule 56(f) motion to deny or continue plaintiff's

1

motion for summary judgment [Doc. #37]. Plaintiff also moved to stay any further discovery or, in the alternative, for protective order. **[Doc. ##48, 49].** Oral argument was held on plaintiff's motion to stay and/or for protective order on March 12, 2008.

Plaintiff answered interrogatories and responded to requests for production and now only opposes the taking of his deposition by defendants. At oral argument, plaintiff provided the Court with a copy of a transcript of his deposition, dated October 18, 2007, [Pl. Ex. 1], which was taken in Florida in the Gilbert v. Landquest, LLC, case pending in South Carolina state court. Plaintiff is not a party in the Gilbert action; he was deposed for two and a half hours. Plaintiff argues there is good cause to protect him from further "harassment, oppression, vexation, undue hardship and expense."[1] He contends that his October 18, 2007, deposition was not limited in subject matter and that the Court can glean from plaintiff's responses to interrogatories how he will testify in this case.

Defendants seek to depose plaintiff and Ms. Gilbert to prove their contention that plaintiff breached the Agreement. Defendants want to ask plaintiff about, among other things, his phone records, the number of times he spoke to Ms. Gilbert and

---

[1] In support of his argument that a further deposition would pose a hardship, plaintiff contends there will be further legal fees incurred, additional time off of work and time away from his young family. Defendant counters that Smith, a resident of Florida, chose to sue Corkum, a resident of North Carolina, in Connecticut. Defendants would agree to a deposition on a weekend to avoid time off work. Defendant points out that plaintiff makes a claim for legal fees which he will recoup if he prevails.

2

the contents of their conversations, and a conversation Smith had with one of Ms. Gilbert's lawyers. Defendants estimate they will need four (4) to five (5) hours to depose plaintiff. Defendants want the opportunity to test plaintiff's credibility and to ask the questions relevant to this litigation. Defendants also seek to take the deposition of Ms. Gilbert for the same reasons.

After careful consideration, plaintiff's Motions to Stay, **[Doc. #48]** or, in the alternative, for protective order **[Doc.#49]** are **DENIED**. Defendants will be permitted to take the following limited discovery:

Defendants will complete the depositions of Mr. Smith and Ms. Gilbert within forty-five (45) days, by May 16, 2008.

Dispositive motion(s) are due thirty (30) days thereafter, on or before June 16, 2008..

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ORDERED at Bridgeport this 1st day of April 2008.

__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE